IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-cv-00157

CHERRY MILES d/b/a ALL OCCASIONS BRIDAL SHOP L,

    Plaintiff,

v.

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

**AMENDED COMPLAINT**

Plaintiff, Cherry Miles d/b/a All Occasions Bridal Shop L, amending its complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) with the leave of court, complaining of the Defendant, alleges and states:

## PARTIES

1.    Plaintiff Cherry Miles d/b/a All Occasions Bridal Shop L (hereinafter "Plaintiff") is a natural person residing in the State of North Carolina.

2.    Upon information and belief, Defendant State Auto Property and Casualty Insurance Company (hereinafter "Defendant State Auto") is a corporation licensed to conduct insurance business in the State of North Carolina. Pursuant to N.C. Gen. Stat. § 58-16-30, Defendant State Auto is capable of being served with process at the office of the Commissioner of the North Carolina Department of Insurance at 1201 Mail Service Center, Raleigh, North Carolina 27699.

## FACTS

1

3. Defendant State Auto is in the business of, among other things, providing insurance to businesses for property damage, damage to business personal property, and for loss of business income and adjusting said insurance claims in the State of North Carolina.

4. Plaintiff and Defendant State Auto entered into a valid and enforceable insurance contract, bearing Policy Number BOP 2717588 (hereinafter the "Policy"), that was in full force and effect at the time and date of the subject loss.

5. The Policy lists, as the named insured, "All Occasions & Bridal Shop L".

6. At all times relevant to the claims herein, Plaintiff Cherry Miles ran a business located at 3567 Lackey Street, Lumberton, North Carolina 28360 (the "Premises") which business was known as "All Occasions & Bridal".

7. At all times relevant to the claims herein, the Policy provided coverage for direct physical loss of or damage to covered property, which includes business personal property located in the Premises, caused by or resulting from any covered cause of loss, which includes direct physical loss to the covered property unless the loss is excluded or limited in the policy.

8. At all times relevant to the claims herein, the Policy provided coverage for the actual loss sustained by Plaintiff due to the necessary suspension of Plaintiff's operations during the period of restoration at the Property.

9. On or about October 9, 2016, Plaintiff sustained wind and wind-driven rain damage to the Property as a result of Hurricane Michael.

10. As a direct and proximate result of the wind and wind-driven rain damage to the Property, the Premises sustained direct physical loss and damage which included damage to covered business personal property located in the Premises, which damage was not excluded or limited by the Policy.

11. This direct physical loss and damage was covered under the terms and conditions of the Policy.

12. As a direct and proximate result of the wind and wind-driven rain damage to the Premises, Plaintiff sustained actual loss of business income due to the necessary suspension of Plaintiff's operations during the period of restoration.

13. This actual loss of business income due was covered under the terms and conditions of the Policy.

14. Plaintiff promptly provided notice of the loss and damage to Defendant State Auto.

15. Defendant State Auto assigned Claim Number PR-151173 to the subject claim.

16. Defendant State Auto investigated the loss at the Property and, after evaluating said loss, declined to fully indemnify Plaintiff for the value of the Claim pursuant to the terms and conditions of the policy by denying all or part of Plaintiff's insurance claim.

17. Defendant State Auto failed to fully and adequately consider the findings of an inspection conducted by Panhandle Cleaning & Restoration, which inspection found that the cause of the damage to the Premises was a covered cause of loss under the Policy.

18. All conditions precedent to bringing this action and to recover under the Policy have been performed by Plaintiff or have otherwise been waived by Defendant State Auto or Defendant State Auto is estopped from asserting such conditions precedent.

## **FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

19. Plaintiff restates and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

20. Plaintiff entered into a valid and enforceable contract with Defendant State Auto for coverage for damage to business personal property and loss of business income.

21. Defendant State Auto breached its contract with Plaintiff by failing to fully indemnify Plaintiff for its losses and damages under the Policy.

22. As a direct and proximate result of Defendant State Auto's breach of contract, Plaintiff has suffered damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

**SECOND CLAIM FOR RELIEF**
**(N.C.G.S. § 75-1.1 - Unfair or Deceptive Trade Practices)**

23. Plaintiff restates and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

24. Defendant State Auto engaged in the following actions and omissions with such frequency as to indicate a general business practice and which, pursuant to N.C. Gen. Stat. § 58-63-15, are unfair acts or practices in the business of insurance:

    a. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    b. Not attempting in good faith to effectuate prompt, fair and equitable settlements of Plaintiff's claim in which liability has becomes reasonably clear;

    c. Compelling Plaintiff to institute litigation to recover amounts due under the policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

    d. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled; and

    e. In other ways to be proven through discovery and at a trial on this matter.

25. Defendant State Auto's actions and omissions set forth above and in violation of N.C. Gen. Stat. § 58-63-15 constitute unfair acts or practices in violation of N.C. Gen. Stat. § 75-1.1.

26. Notwithstanding the preceding paragraphs, and pursuant to *Gray v. North Carolina Insurance Underwriting Association*, 529 S.E. 2d 676, 352 N.C. 61 (2000) and *Martini v. Companion Property & Casualty Insurance Company*, 679 S.E. 2d 156, 198 N.C. App. 39 (2009), the acts or practices engaged in by Defendant State Auto and set forth above in Paragraph 22 constitute a violation of N.C. Gen. Stat. § 75-1.1 without the necessity of an additional showing of frequency indicating a general business practice.

27. Pursuant to N.C. Gen. Stat. § 75-1.1, the unfair acts or practices engaged in by Defendant State Auto and set forth above are in or affect commerce.

28. Notwithstanding the preceding paragraphs, Defendant State Auto's actions and omissions constitute unfair acts or practices in violation of N.C. Gen. Stat. § 75-1.1 regardless of whether they constitute unfair acts or practices in the business of insurance in violation of N.C. Gen. Stat. § 58-63-15.

29. The unfair acts or practices engaged in by Defendant State Auto and as set forth above directly and proximately caused injury and damage to Plaintiff.

30. As a direct and proximate result of Defendant State Auto's unfair acts and practices set forth above, Plaintiff has suffered damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

31. Pursuant to N.C. Gen. Stat. § 75-16.1, Plaintiff is entitled to recover from Defendant State Auto a sum equal to three (3) times the amount fixed by a verdict in this action.

32. Pursuant to N.C. Gen. Stat. § 75-16.1, Plaintiff is entitled to recover attorneys' fees from Defendant State Auto.

**REQUEST FOR JURY TRIAL**

Plaintiff C and C Trucking of Creswell, North Carolina Inc., d/b/a All Occasions Bridal Shop L, requests a trial by jury on all claims asserted in this complaint that are so triable as a matter of right.

WHEREFORE, Plaintiff Cherry Miles, a/k/a Cherry Spruill, d/b/a All Occasions Bridal Shop L, prays unto this Court as follows:

1. That Plaintiff have and recover from Defendant State Auto Property and Casualty Insurance Company a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as compensatory damages for damage to business personal property, loss of business income, and breach of contract and as damages for unfair or deceptive trade practices together with interest as allowed by law.

2. That the amount of damages fixed by a verdict in this action be trebled pursuant to N.C. Gen. Stat. § 75-16.

3. That the costs of this action, including reasonable attorney fees, as by law provided, be taxed against Defendant State Auto Property and Casualty Company.

4. That Plaintiffs have a trial by jury on all issues so triable.

5. That Plaintiffs have such other relief as the Court deems just, fit and proper.

This the _____ day of _____, 2019.

**WHITLEY LAW FIRM**

_____
Matthew S. Bissette
State Bar No. 53809
3301 Benson Drive, Suite 120
Raleigh, North Carolina 27609
Telephone: (919) 390-7605
Facsimile: (919) 785-3729
Email: msb@whitleylawfirm.com

7

Case 7:19-cv-00157-D     Document 13     Filed 10/22/19     Page 7 of 7